```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

_____

| | |
|---|---|
| **WILLIE EARL COWANS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-2024-MSN-tmp |
| v. ) | |
| ) | |
| **WANDA ABIOTO, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is defendant DeSoto County Justice Court's motion to dismiss.[1] (ECF Nos. 12 & 13.) For the reasons below, it is recommended that the motion be granted.

### I.   PROPOSED FINDINGS OF FACT

At the outset, the court acknowledges that the *pro se* pleading standard and Federal Rule of Civil Procedure 12(b)(6) obligate it to construe the factual averments in the complaint and amended complaint liberally. However, even under a liberal standard, Cowans's complaint and amended complaint are largely incomprehensible. Both the initial complaint and amended complaint consist largely of documents — checks, letters, court summonses,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

receipts, and typewritten statements — Cowans has cut up and affixed to other pieces of paper seemingly at random. Those portions of the complaints that appear to have been written by Cowans are internally inconsistent about what events happened when. The summary below is the undersigned's best guess as what Cowans is alleging.

At some point, Cowans was charged with a crime he did not commit. Cowans hired a lawyer to defend him and paid the lawyer $3,500. The lawyer showed up to Cowans's initial court date but the matter was reset. The lawyer then failed to show up at later court dates. Cowans was convicted and briefly jailed. It is unclear when any of these events happened and it is possible Cowans is alleging that some of these events happened multiple times.

Cowans may be attempting to allege additional facts beyond this. The complaint references a conspiracy by various judges to prevent Cowans from filing complaints about them by having him arrested. The complaint also references a conspiracy to steal Cowans's land. It is unclear what connection these alleged conspiracies have to the other allegations in Cowans's complaint.

Cowans is now suing the lawyer and the DeSoto County Justice Court, which the undersigned assumes is the court in which Cowans was convicted. The complaint does not contain a statement of jurisdiction. The only cause of action referenced in the complaint

-2-

is for fraud. Cowans also does not allege the state citizenship of any of the parties in this case, although his address and the addresses of the two defendants are all Mississippi addresses. It is unclear what relief Cowans seeks, although it appears he would like the $3,500 he paid to the lawyer returned.

DeSoto County Justice Court filed a motion to dismiss on March 19, 2020. Cowans did not respond to the motion. The court then entered an order to show cause directing Cowans to respond by May 14, 2020. (ECF No. 16.) Cowans then made two filings. The first filing consists of a number of legal documents and police records from unrelated proceedings, many decades old. (ECF No. 17.) The second filing mostly resembles the complaint but also contains a letter claiming that someone is stealing Cowans's mail. (ECF No. 18.) Neither filing responds to the arguments raised in DeSoto County Justice Court's motion to dismiss.

## II.  PROPOSED CONCLUSIONS OF LAW

**A.  Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court views plaintiffs' allegations in the light most favorable to them and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim."

Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." <u>Fritz v. Charter Twp. of Comstock</u>, 592 F.3d 718, 722 (6th Cir. 2010) (quoting <u>Iqbal</u>, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." <u>Id.</u> (alteration omitted) (quoting <u>Twombly</u>, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules

of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Subject-Matter Jurisdiction**

The Federal Rules of Civil Procedure establish certain requirements that anyone filing a complaint in federal court – *pro se* or otherwise – must follow. Among those rules is a requirement that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"  Fed. R. Civ. P.

8(a)(1). "Federal courts are courts of limited jurisdiction; the plaintiff carries the burden of demonstrating that either the Constitution or a statute has granted the court jurisdiction over a given suit, and that it may therefore hear it." Jude v. Comm'r of Soc. Sec., 908 F.3d 152, 157 (6th Cir. 2018). As a result, a plaintiff seeking to invoke federal jurisdiction must "affirmatively and distinctly" plead a basis for jurisdiction. Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1206 (3d ed.).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section] 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Id. Diversity jurisdiction is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. Though there are other bases for federal jurisdiction, none are relevant here.

Cowans has not asserted any federal claims. Federal question jurisdiction thus does not apply. Cowans has also not identified the state citizenship of any of the parties to this case, as is necessary to plead diversity jurisdiction. Conway v. Loiseau, No.

-6-

19-CV-2677-TLP-TMP, 2019 WL 6337447, at *3 (W.D. Tenn. Oct. 9, 2019), report and recommendation adopted, 2019 WL 6330644 (W.D. Tenn. Nov. 26, 2019). Cowans has also not plead a claim for relief in excess of $75,000. Diversity jurisdiction is thus not satisfied. It is recommended that DeSoto County Justice Court's motion to dismiss for lack of subject-matter jurisdiction be granted. Furthermore, because these defects in subject-matter jurisdiction apply equally to Cowans's claims against the other defendant, it is recommended that the remainder of the complaint be dismissed for lack of subject-matter jurisdiction.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the complaint be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief U.S. Magistrate Judge

May 27, 2020
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

72.1(g)(2). **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**