IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIE EARL COWANS,

    Plaintiff,

v.                                        Case No. 2:20-cv-2024-MSN-tmp

WANDA ABIOTO, et al.,

    Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

---

Before the Court is the Magistrate Judge's Report and Recommendation ("**Report**") on Defendant DeSoto County Justice Court's Motion to Dismiss. (ECF No. 20.) The Report recommends that the Motion to Dismiss be granted. (*Id.* at PageID 235.) Additionally, the Report recommends the remainder of the Complaint also be dismissed for lack of subject-matter jurisdiction. (*Id.*) Plaintiff filed objections to the Report on June 9, 2020. (ECF No. 21.) Defendant DeSoto County Justice Court has not filed a response to Plaintiff's objections, and the time for doing so has not yet expired; however, the Court finds a response from Defendant DeSoto County Justice Court is unnecessary to decide this matter. For the reasons set forth below, the Court **ADOPTS** the Report. Defendant DeSoto County Justice Court's Motion to Dismiss is **GRANTED**. The remaining claims in the Complaint are **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

Plaintiff's objections merely repeat the allegations in his Complaint and Amended Complaint. For example, there are two pages of a letter that states he is objecting to the Report because he is dealing with "a premediated high-profile conspiracy and fraud case to take [his] land." (ECF No. 21 at PageID 238–39.) These allegations were references in Plaintiff's Complaint (*see* ECF No. 1 at PageID 3) and referenced by the Magistrate Judge in his Report (*see* ECF No. 20 at PageID 230). Plaintiff has also attached several hundred pages of documents, which are largely incomprehensible, and which appear to be copies of documents previously filed with his Complaint and Amended Complaint or filed in response to the Magistrate Judge's show cause order directing Plaintiff to respond to the Motion to Dismiss. (*See* ECF Nos. 1, 4, 17-1, 17-2, 17-3, 17-4, 18.) In sum, Plaintiff's repetitious arguments and incomprehensible documents do not constitute objections.

## CONCLUSION

For the reasons set forth above, this Court **OVERRULES** Plaintiff's objections. Accordingly, the Court **ADOPTS** the Report, and the Court **GRANTS** Defendant DeSoto County Justice Court's Motion to Dismiss. Additionally, the Court **DISMISSES WITH PREJUDICE** the remainder of the Complaint and Amended Complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**, this 10th day of June 2020.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE